CHRISTOPHER M. HOGUE, WSBA #48041
Hogue Law Firm
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Tel: (509) 315-8390
Email: chris@spokaneadvocate.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife,<br><br>          Plaintiffs,<br><br>     vs.<br><br>DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, an individual,<br><br>          Defendant. | Case No. 2:23-cv-1113<br><br>**PLAINTIFF'S RESPONSE TO SHOW CAUSE AND MOTION TO EXTEND TIME FOR SERVICE PURSUANT TO FRCP 4(m)** |

//

//

PLAINTIFF'S RESPONSE TO SHOW CAUSE
AND MOTION TO EXTEND TIME FOR
SERVICE PURSUANT TO FRCP 4(m)
 - Page 1

## I.  FACTS

Upon the filing of this lawsuit, Plaintiffs' counsel was conducting their own investigation into the potential Washington locations for Defendant David Alan Capito II, aka Vyacheslav Arkangelskiy ("Capito"). *Decl. Hogue* ¶ 2. Plaintiffs have had concerns that Mr. Capito would be difficult to track down based upon information and belief as to his recent name change and the potential for evading service based upon the Complaint allegations of his use of false identities. *Id.* ¶ 3. After conducting preliminary investigations into Defendant Capito's whereabouts, Plaintiffs had a summons issued and retained a process service company. *Id.* ¶ 4.

Plaintiffs also retained the process service to do its own skip trace investigation into the location of Defendant Capito. *Decl. Hogue* ¶ 5. The first investigation into a potential last known address in Tumwater, Washington for Defendant Capito returned it being a non-address for him. *Id.* ¶ 6. The next investigation into a potential last known address in Yelm, Washington for Defendant Capito was also met with a return of non-service. *Id.* ¶ 7. The process server was unable to serve Defendant Capito at the Yelm, Washington address, as it appears that Mr. Capito is no longer living at that address. *Id.* ¶ 8, Ex. A.

PLAINTIFF'S RESPONSE TO SHOW CAUSE
AND MOTION TO EXTEND TIME FOR
SERVICE PURSUANT TO FRCP 4(m)
 - Page 2

Plaintiffs are in the process of continuing to seek new locations to serve Defendant Capito at his believed Washington location. *Decl. Hogue* ¶ 9. Plaintiffs have been diligent in their efforts to locate and serve Defendant Capito and are continuing in those efforts. *Id.* ¶ 10. There is good cause to extend the time for service in order to have Defendant Capito to be personally served. *Id.* ¶ 11. If these additional efforts are not successful, Plaintiffs should also have the additional time with this requested continuation to explore alternative means of service. *Id.* Plaintiffs respectfully request an additional 90 days to attempt personal service and/or service by alternative means. *Id.* ¶ 12.

## II.   LEGAL ARGUMENT

Fed. R. Civ. P. 4(m) provides that if the plaintiff shows good cause for a failure to serve a defendant within 90 days after the complaint is filed, the court must extend the time for service for an appropriate period. In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (*quoting Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Courts have also interpreted "good cause" to mean that "service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond

PLAINTIFF'S RESPONSE TO SHOW CAUSE
AND MOTION TO EXTEND TIME FOR
SERVICE PURSUANT TO FRCP 4(m)
 - Page 3

his control." *AF Holdings LLC v. Does 1-135*, 2012 WL 1038671, at *3 (N.D. Cal. Mar. 27, 2012) (citation omitted).

In this case, good cause to extend the time for service exists. Plaintiffs have attempted service but have currently been unable to track down Defendant Capito and perfect service. Also, based upon the Complaint allegations of Defendant Capito's use of a false identity in the past, there are additional potential factors beyond Plaintiffs' control with completing personal service if, for reasons unknown at the time, service is being evaded. In addition, Plaintiffs have immediately responded to the Court's show cause order and intend to continue with efforts to serve and diligently litigate this matter once Defendant Capito is served.

### III.   CONCLUSION

Plaintiffs respectfully request that the Court extend the deadline for service pursuant to Fed. R. Civ. 4(m) by an appropriate period. Plaintiffs request that this extension be by an additional 90 days from this filing in order to allow for additional location tracking and personal service attempts, but which will also allow for time to potentially serve by alternative means.

PLAINTIFF'S RESPONSE TO SHOW CAUSE
AND MOTION TO EXTEND TIME FOR
SERVICE PURSUANT TO FRCP 4(m)
 - Page 4

DATED this 21st day of November 2023.

HOGUE LAW FIRM

/s/ *Christopher M. Hogue*
Christopher M. Hogue
WSBA #48041
Attorney for Plaintiffs

PLAINTIFF'S RESPONSE TO SHOW CAUSE
AND MOTION TO EXTEND TIME FOR
SERVICE PURSUANT TO FRCP 4(m)
 - Page 5

# CM/ECF CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused an electronic copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system which will then send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED this 21st day of November 2023.

                                              s/ *Christopher M. Hogue*
                                              Attorney for Plaintiffs