CHRISTOPHER M. HOGUE, WSBA #48041
Hogue Law Firm
905 W. Riverside Ave., Ste. 402
Spokane WA 99201
Tel: (509) 934-1998
Email: chris@spokaneadvocate.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, an individual,<br><br>        Defendant. | Case No. 2:23-cv-1113<br><br>**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE, TO AMEND CASE CAPTION, AND TO EXTEND TIME FOR SERVICE PURSUANT TO FRCP 4(m)**<br><br>**Hearing Date: February 14, 2024**<br><br>***Without Oral Argument*** |

//

//

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
 - Page 1

# I.   FACTS

Upon the filing of this lawsuit, Plaintiffs' counsel was conducting their own investigation into the potential Washington locations for Defendant David Alan Capito II, aka Vyacheslav Arkangelskiy ("Capito"). ECF No. 7, *Decl. Hogue* ¶ 2. Plaintiffs had concerns that Mr. Capito would be difficult to track down due to this Arkangelskiy name change and the potential for evading service based upon the Complaint allegations of his use of false identities. *Id.* ¶ 3. After conducting preliminary investigations into Mr. Capito's whereabouts, Plaintiffs had a summons issued and retained a process service company. *Id.* ¶ 4.

Plaintiffs also retained the process service company to do its own skip trace investigation into the location of Defendant Capito. *Decl. Hogue* ¶ 5. The first investigation into a potential last known address in Tumwater, Washington for Mr. Capito returned as a non-address for him. *Id.* ¶ 6. The next investigation into a potential last known address in Yelm, Washington for Mr. Capito was also met with a return of non-service. *Id.* ¶ 7. The process server was unable to serve Mr. Capito at the Yelm, Washington address, as it appears that Mr. Capito is no longer living at that address. *Id.* ¶ 8, Ex. A.

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
 - Page 2

On November 27, 2023, this Court granted Plaintiffs' request to extend time to serve or seek leave for alternative service on Defendant Capito until February 21, 2024. ECF No. 8. In November 2023, Plaintiffs engaged the services of a second process server, Steve Robinson. *See Decl. Robinson* ¶ 1. Mr. Robinson is also a Private Investigator with more than 27 years of experience. *Id.* ¶ 2. As Mr. Robinson explains in his declaration, from November 2023 through January 2024, using nine different sources of information, he attempted to locate Mr. Capito. *Id.* ¶¶ 4-10. He made numerous attempts to serve Mr. Capito at multiple address locations. *Id.* He also attempted to locate and serve Mr. Capito using telephone, vehicle registration, and corporate filings. *Id.* He concluded "I have been unable to locate and serve the Defendant." *Id.* ¶¶ 3, 11.

Plaintiffs have gone to considerable expense and been diligent in their efforts to locate and serve Defendant Capito. For the reasons below, they respectfully request that they be allowed to use alternative service by publication and that their time for service be extended in order to effect such alternative service.

//

//

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
 - Page 3

## II.    LEGAL ARGUMENT

### A.    Service by Publication.

Based upon all of the efforts to effect service upon Defendant Capito, Mr. Capito cannot be located. *Decl. Hogue* ¶ 2; *Decl. Robinson* ¶¶ 3, 11. His current residential address is unknown. *Id.* Therefore, Plaintiffs request that service by publication be granted pursuant to RCW 4.28.100(2).

Fed. R. Civ. P. 4(e)(1) provides that "service of an individual ... may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located." Washington law provides for service by publication under RCW 4.28.100, in relevant part, as follows:

> "When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases: ...
>
> (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
- Page 4

to avoid the service of a summons, or keeps himself or herself concealed therein with like intent...."

Stated more clearly, "service by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 126 Wn. App. 520, 108 P.3d 1253 (2005).

A diligent search does not require that all conceivable methods of search are used. *Cherokee Bay Cmty. Club v. Bosshart*, 2021 WL 3291783 at *2 (Wash. Ct. App. Aug. 2, 2021) ("[T]he person seeking service by publication must demonstrate that they conducted an honest and reasonable search ... [but] not all conceivable search methods are required."). And with respect to a factual showing of intent to avoid service of process, "an affidavit or declaration offered in support of a motion for service by publication 'must *clearly articulate facts* to meet the required conditions, not *clearly prove intent* to avoid service." *Marlett v. Berkholtz*, 2021 WL 4169159, at *3 (W.D. Wash. Sept. 14, 2021) (citing *Boes v. Bisiar*, 122 Wn. App. 569, 577, 94 P.3d 975 (2004) (citations omitted; emphasis in original)).

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
- Page 5

1   This is because proof of such intent is not necessarily available. *See id.* ("Indeed,

2   short of a full fact-finding hearing, a finding on what Mr. Bisiar knew or intended

3   when he left the state is impossible.")

4          Defendant Capito could not be found in Washington after a diligent search.

5   Plaintiffs first hired a process service company to do a skip trace and serve Mr.

6   Capito, and then retained the services of another process server who is also a

7   seasoned private investigator with decades of experience. ECF No. 7; *Decl.*

8   *Robinson.* Mr. Robinson used numerous sources of information to locate Mr.

9   Capito, and made numerous attempts to serve him at multiple address locations. *Id.*

10  ¶¶ 4-10. He attempted to locate and serve Mr. Capito using telephone, vehicle

11  registration, and corporate filings. *Id.* He concluded that he was "unable to locate

12  and serve the Defendant." *Id.* ¶¶ 3, 11.

13         Defendant Capito was a resident of Washington. Washington residency may

14  be established through things such as maintaining a residence in Washington; by

15  having a Washington driver's license; or by previously maintaining a residence in

16  Washington for personal use and not establishing a permanent residence outside of

17  Washington. *See e.g.*, RCW 46.16A.140; WAC 308-99-020(1).

18

19  PLAINTIFFS' MOTION FOR ALTERNATIVE
    SERVICE, TO AMEND CASE CAPTION,
    AND TO EXTEND TIME FOR SERVICE
20  PURSUANT TO FRCP 4(m)
     - Page 6

21

1   Mr. Robinson's declaration outlines reports/sources that show Defendant

2   Capito has a Washington state driver's license. *Decl. Robinson* ¶¶ 4-10. It shows

3   that Mr. Capito has maintained residency in Washington over several years, and a

4   search of numerous sources does not indicate the establishment of an actual

5   permanent residence outside the state of Washington. *Id.* And it shows phone

6   numbers associated with Mr. Capito with Washington area codes (206 and 425),

7   one of which still directly rings but has not been answered when called. *Id.*

8   Defendant Capito has either left the state or concealed himself within it,

9   with intent to avoid service of process. Again, Plaintiffs only need to "*clearly*

10  *articulate facts* to meet the required conditions, not *clearly prove intent* to avoid

11  service." *Marlett*, 2021 WL 4169159, at *3 (citing *Boes*, 122 Wn. App. at 577)

12  (emphasis in original). This is sufficient when "facts...supporting an inference that

13  the defendant concealed himself or herself within the state with the intent to avoid

14  the service of a summons." *U.S. v. Estate of Wise*, 2022 WL 17478465, at *2

15  (W.D. Wash. Nov. 7, 2022) (citing Rodriguez v. James-Jackson, 127 Wn. App.

16  139, 141, 111 P.3d 271 (2005)). Plaintiffs have made a sufficient factual showing

17  that supports this inference of Mr. Capito avoiding service of process, particularly

18  with respect to concealing himself.

19  PLAINTIFFS' MOTION FOR ALTERNATIVE
    SERVICE, TO AMEND CASE CAPTION,
20  AND TO EXTEND TIME FOR SERVICE
    PURSUANT TO FRCP 4(m)
21   - Page 7

Defendant Capito has changed his birthname at least three times, one or two of which came after the incidents alleged in the Complaint near the time of this lawsuit's inception. *Compl.* ¶ 11; *Decl. Robinson* ¶ 4. Mr. Capito has a documented history of using false identities and aliases to conceal himself. Mr. Capito is alleged to have gained unauthorized access to confidential information about the Plaintiffs by using a false identity. *Compl.* ¶ 4, 20, 22-23. Mr. Capito is alleged to use (and has used) aliases to hide his identity. *Compl.* ¶ 17.

Mr. Capito uses an address where he does not currently reside for his Washington driver's license. *Decl. Robinson* ¶ 7. Databases show various "current home addresses" in Washington for Mr. Capito despite Mr. Capito not currently residing at them. *Id.* One of Mr. Capito's "current home address" locations is for a storage facility. *Id.* Mr. Capito's use of a storage facility for a home address supports an inference of intent by Mr. Capito to conceal his true residence. In addition, calls to the 425 area-code phone number associated with Mr. Capito ring and go unanswered demonstrating further intent to avoid and conceal himself from service of process. *Id.* ¶ 9. All factors for service by publication are met.

RCW 4.28.110 provides the requirements for how to make a publication of a summons in Washington. Plaintiffs have attached to the Declaration of Christopher

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
- Page 8

Hogue an "Exhibit A," which is a proposed Summons by Publication that complies with this requirement (and which amends to caption as requested and outlined in Part II.B below). Plaintiffs request publication in this form to be published in an approved newspaper in the county where the cause of action was brought. RCW 4.28.110; RCW 65.16.040.

In summary, Plaintiffs have engaged two different process servers, one a private investigator, and have conducted thorough research themselves, but Mr. Capito has not been located for purposes of personal service. This, unfortunately, is not surprising. Mr. Capito has changed his legal name twice in the last two years and changed his residence many times. Moreover, as described in Plaintiffs' complaint, he has shown a propensity for deceitful and secretive actions. Plaintiffs, accordingly, respectfully request that their motion for service by publication be granted and that the attached Summons by Publication be approved.

### B.   Amending Case Caption.

Due to Defendant Capito's continual name changes, his current name is often difficult to ascertain. Private Investigator Robinson identified that Mr. Capito most recently changed his name to Ryan Smith. *Decl. Robinson* ¶ 4. Plaintiffs request that this Court grant their motion to amend the case caption add another

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
- Page 9

"aka" name, this time including "aka Ryan Smith." This change is requested in order to ensure that Mr. Capito's rights are protected with the service by publication by including all of his known names, whether past or present.

### C.    Extension of Time to Serve.

Fed. R. Civ. P. 4(m) provides that if the plaintiff shows good cause for a failure to serve a defendant within 90 days after the complaint is filed, the court must extend the time for service for an appropriate period. In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (*quoting Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Courts have also interpreted "good cause" to mean that "service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *AF Holdings LLC v. Does 1-135*, 2012 WL 1038671, at *3 (N.D. Cal. Mar. 27, 2012) (citation omitted).

In this case, good cause to extend the time for service exists. Plaintiffs have repeatedly and diligently attempted service but have currently been unable to locate Defendant Capito and perfect service. Also, based upon the averred name changes and Complaint allegations of Defendant Capito's use of a false identity

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
- Page 10

and aliases in the past, there are additional potential factors beyond Plaintiffs' control with completing personal service based upon the demonstrated inference that service is being avoided. As such, Plaintiffs request an additional 75 days to complete the service by publication, which will allow for enough time to retain the services of an appropriate newspaper and publish the summons for a period of six weeks and allow for the sixty-day time period for Defendant to appear to expire.

### III.   CONCLUSION

Plaintiffs respectfully request that the Court approve service by publication and extend the deadline for service pursuant to Fed. R. Civ. 4(m) by an appropriate period. Plaintiffs respectfully request this extension be an additional 75 days from a Court order granting service by publication in order to allow for sufficient time to ensure compliance with RCW 4.28.110.

DATED this 14th day of February 2024.


HOGUE LAW FIRM

/s/ *Christopher M. Hogue*
Christopher M. Hogue
WSBA #48041
Attorney for Plaintiffs


PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
 - Page 11

1
2
3
4
5
6
7
8
9
10
11
12
13

**CM/ECF CERTIFICATE OF SERVICE**

14        I certify that on the date indicated below I caused an electronic copy of the

15   foregoing document to be filed with the Clerk of the Court via CM/ECF system

16   which will then send notification of such filing to all parties by operation of the

17   Court's electronic filing system. Parties may access this filing through the Court's

18   system.

19   PLAINTIFFS' MOTION FOR ALTERNATIVE
     SERVICE, TO AMEND CASE CAPTION,
20   AND TO EXTEND TIME FOR SERVICE
     PURSUANT TO FRCP 4(m)
21    - Page 12

DATED this 14th day of February 2024.

s/ *Christopher M. Hogue*
Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE, TO AMEND CASE CAPTION,
AND TO EXTEND TIME FOR SERVICE
PURSUANT TO FRCP 4(m)
- Page 13