HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife.,

Plaintiffs,

v.

DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, an individual,

Defendant.

CASE NO. 3:23-cv-01113-RAJ

**ORDER**

## I.   INTRODUCTION

THIS MATTER is before the Court on Plaintiffs' Motion for Alternative Service and to Amend the Case Caption ("Plaintiffs' Motion"). Dkt. # 9. The Court has reviewed the motion, the materials filed in support of the motion, the balance of the record, and the governing law. For the reasons stated below, The Court **GRANTS in part and DENIES in part** Plaintiffs' Motion. Dkt. # 9.

ORDER - 1

## II. BACKGROUND

Plaintiffs filed this action on July 25, 2023. Dkt. # 1. Plaintiffs "are members of, or have an affiliation with, an organization called Patriot Front." *Id*. at ¶ 2. As Plaintiffs characterize it, Patriot Front's mission "is to 'reforge . . . our people, born to this nation of our European race . . . as a new collective capable of asserting our right to cultural independence.'" *Id*. Plaintiffs claim Defendant "infiltrated Patriot Front using a false identity and later gained unauthorized access to confidential information about the Plaintiffs from Patriot Front's computer databases[,]" which allegedly caused them "serious harm, including loss of their jobs." *Id*. at ¶ 4.

On November 27, 2023, the Court granted Plaintiffs' request to extend time to serve or seek leave for alternative service on Defendant Capito until February 21, 2024. Dkt. # 8. Plaintiffs engaged the services of Stephen Robinson, a process server and private investigator. *See* Dkt. # 9 at 3; Dkt. # 10. Mr. Robinson could not find Mr. Capito to effectuate service despite using various social media resources, a database including information from three major credit-reporting agencies, and vehicle registration records. Dkt. # 10 ¶ 5-6. Defendant has purportedly changed his name several times. *See* Dkt. # 9 at 8; Dkt. # 1 ¶ 11; Dkt. #10 ¶ 4.

After unsuccessful attempts to serve Defendant, Plaintiffs now ask this Court to permit service by publication. *See* Dkt. # 9. Plaintiffs request an additional seventy-five days to complete the service by publication in order to retain the services of an appropriate newspaper and publish the summons for a period of six weeks. *See id*. at 11.

### III.  DISCUSSION

**A. Alternative Service**

Alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016.  Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits. Fed. R. Civ. P 4(e)(1).  Under Washington law, "[s]ubstitute service by mail or constructive service by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005); *see also* RCW 4.28.100 (authorizing service by publication under certain circumstances where the plaintiff, its agent, or its attorney submits an affidavit stating that he or she believes that the defendant "has departed [the state] with intent . . . to avoid the service of a summons, or keeps himself or herself concealed therein with like intent"); RCW 4.28.110 (setting forth the requirements for service by publication). Statutes authorizing service by means other than personal service, i.e., constructive and substitute service, require strict compliance." *Pascua*, 108 P.3d at 1257.  If leave of the Court is provided, the publication must be in a generally circulated newspaper in the county where the action is brought, published once a week for six consecutive weeks.  *See* RCW 4.28.110.

The Court concludes that Plaintiffs established the first two requirements. The Court is satisfied that Plaintiffs' process server and investigator conducted a diligent search to find the Defendant, including physically visiting and checking four possible addresses on multiple occasions. *See* Dkt. # 10 ¶ 7. Plaintiffs have tried to locate Defendant at all of his known addresses, reach Defendant by telephone, and contact Defendant through individuals currently residing at his listed home addresses. *See id*. Plaintiffs have established that Defendant was a resident of Washington as Defendant had a car formerly registered in Washington, used a Washington address for his driver's license, and had a lease in Washington that ended in 2017. *See id*. ¶¶ 5, 7.

The Court is not satisfied that Plaintiffs met the state law requirements to show that Defendant is concealing himself with an intent to avoid service. Here, Plaintiffs do not present a supporting affidavit of an attorney or agent stating the reasons he or she believes that Mr. Capito is avoiding service. *See GS Holistic, LLC v. Mitchell & Mitchell Enterprises, Inc*., No. 23-cv-5214, 2023 WL 5935605, at *1 (W.D. Wash. Sept. 12, 2023). Therefore, the Court denies Plaintiffs' Motion. Dkt. # 9. Plaintiffs may file a renewed motion for leave to serve Mr. Capito by publication that satisfies the requirements of federal and Washington law within **fourteen days (14)** of this Order.

B.  **Amend Caption**

Plaintiffs also request to amend the case caption to include the name "Ryan Smith," which they believe to be a new alias used by Defendant. Dkt. # 9 at 9-10. The Court GRANTS this request. Accordingly, "aka Ryan Smith" shall be included in an amended case caption.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion. Dkt. # 9. Accordingly, "aka Ryan Smith" shall be included in an amended case caption and Plaintiffs may file a renewed motion for leave to serve Mr. Capito by publication within **fourteen days (14)** of this Order.

Dated this 12th day of September, 2024

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge