CHRISTOPHER M. HOGUE, WSBA #48041
Hogue Law Firm
905 W. Riverside Ave., Ste. 402
Spokane WA 99201
Tel: (509) 934-1998
Email: chris@spokaneadvocate.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, aka RYAN SMITH, an individual,<br><br>　　　　　Defendant. | Case No. 2:23-cv-1113<br><br>**PLAINTIFFS' RENEWED MOTION FOR ALTERNATIVE SERVICE**<br><br>**Hearing Date: September 26, 2024**<br><br>*Without Oral Argument* |

//

//

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 1

## I. PROCEDURAL BACKGROUND

On February 14, 2024, Plaintiffs filed their Motion for Alternative Service. ECF No. 9. Plaintiffs' Motion sought leave of this Court to effect service upon Defendant David Alan Capito II, aka Vyacheslav Arkangelskiy, aka Ryan Smith (hereinafter "Capito") by publication pursuant to RCW 4.28.100.

On September 12, 2024, the Court denied Plaintiffs' Motion with respect to Plaintiffs' request to effect service on Mr. Capito by publication. ECF No. 12. The Court concluded that Plaintiffs established the first two requirements for service by publication under RCW 4.28.100, but did not satisfy the third requirement of showing that Mr. Capito was concealing himself with an intent to avoid service since Plaintiffs did not present a supporting affidavit from an attorney or agent stating the reasons of belief that Mr. Capito is avoiding service. *Id.* The Court granted Plaintiffs leave to file a renewed motion that satisfied this third requirement within fourteen days of its Order. *Id.*

Now, Plaintiffs file this Renewed Motion for Alternative Service, which is supported by the contemporaneously filed declarations of Melissa McClellan, Glen Allen, and Christopher Hogue. This Renewed Motion also incorporates the previously filed declaration of private investigator Stephen Robinson. ECF No. 10.

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE SERVICE
 - Page 2

## II. LEGAL ARGUMENT

**A.   Service by Publication.**

"[S]ervice by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 126 Wn. App. 520, 108 P.3d 1253 (2005).

### i.   First Two Requirements for Service by Publication.

The Court found that Plaintiffs established the first two requirements for service by publication under Washington law. See ECF No. 12.

### ii.   Third Requirement for Service by Publication.

With respect to the third requirement, "an affidavit or declaration offered in support of a motion for service by publication 'must *clearly articulate facts* to meet the required conditions, not *clearly prove intent* to avoid service." *Marlett v. Berkholtz*, 2021 WL 4169159, at *3 (W.D. Wash. Sept. 14, 2021) (citing *Boes v. Bisiar*, 122 Wn. App. 569, 577, 94 P.3d 975 (2004) (citations omitted; emphasis in original)). This is because proof of a defendant's actual intent is not necessarily

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 3

available. See *id.* ("Indeed, short of a full fact-finding hearing, a finding on what Mr. Bisiar knew or intended when he left the state is impossible.").

Thus, it is sufficient under if the articulated facts in the declarations demonstrate a reasonable assumption or inference that the defendant is avoiding service. See *Marlett*, at * 3 ("As argued by Plaintiff, it can be <u>reasonably assumed</u> Ms. Berkholtz informed her son of the existence of the lawsuit and <u>inferred from all these facts</u> that Mr. Berkholtz is aware of the lawsuit and avoiding service.") (emphasis added); see also *Bruff v. Main*, 87 Wn. App. 609, 610, 943 P.2d 295 (1997) ("Because the Bruffs' affidavits failed to <u>raise an inference</u> that Main was concealing himself with the intent to defraud creditors or avoid process, we affirm.") (emphasis added).

In this case, Plaintiffs provide supporting declarations that clearly articulate facts that demonstrate a reasonable assumption or inference that Mr. Capito has concealed himself within the state with an intent to avoid service.

First, Mr. Capito has a pattern of using false identities and aliases such as "Nick Vasiliy" and "Vincent Washington" and also frequently changes his name to avoid recognition and discovery of his whereabouts. *Decl. Allen* ¶ 7. Plaintiffs' Complaint outlines Mr. Capito's unlawful acts and wrongdoing that occurred between approximately July 2021 – January 2022. ECF No. 1, ¶¶ 20 – 36. In

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 4

March 2022, shortly after Mr. Capito's unlawful acts, he changed his name to "Vyacheslav Arkadyevich Arkangelskiy." *Decl. Allen* ¶ 7; ECF No. 10, *Decl. Robinson* ¶ 5. In May 2022, Mr. Capito again changed his name – this time to a generic "Ryan Smith." *Id.* Mr. Capito's name changes evidence his intent to avoid accountability to Plaintiffs for his actions and appear to have been made in an attempt to conceal himself in the state and avoid service of this lawsuit that was subsequently filed for his unlawful acts. *Decl. Allen* ¶ 7; *Decl. McClellan* ¶¶ 4-5.

Second, after this lawsuit was filed, it received significant publicity in the news media across the local Seattle area, the greater Inland Northwest, the nation, and even internationally. *Decl. Allen* ¶ 4. This lawsuit was publicized in the Seattle Times and the Associated Press, which was then carried by dozens of national and international new publications, such as the Daily Beast, Rolling Stone, AOL.com, The Independent, CBS News, MyNorthwest.com, Fox News, and more. *Id.*

In addition to the news media publications, there were communications and posts on social media and internet forums concerning this lawsuit amongst individuals believed to be current or former known associates of Mr. Capito, from which it is reasonable to assume or infer that Mr. Capito received notice of the filing of this lawsuit from such associates. *Decl. Allen* ¶ 7. Based upon the professional experience of a process server, it appears that this publicity would

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 5

have reached Mr. Capito, giving him motive and opportunity to conceal himself within the state to avoid service of process. *Decl. McClellan* ¶ 6.

The news publications and the social media and internet posting, when coupled with all other articulated facts, support a reasonable assumption or inference that Mr. Capito has concealed himself in the state with the intent to avoid service of process. See *Marlett*, at * 3 ("In this case, in addition to the mailing of the summons and complaint to all three last known addresses and a voicemail left on the most current phone number, counsel for Plaintiff served Mr. Berkholtz's mother and alleged co-conspirator with process. As argued by Plaintiff, <u>it can be reasonably assumed Ms. Berkholtz informed her son of the existence of the lawsuit and inferred from all of these facts that Mr. Berkholtz is aware of the lawsuit and avoiding service</u>.") (emphasis added). It can be reasonably assumed that Mr. Capito has been informed of the existence of the lawsuit and inferred from all of the facts that Mr. Capito is aware of the lawsuit and avoiding service.

Third, the fact that calls to known phone numbers associated with Mr. Capito are redirected or unanswered demonstrate an inference that he is avoiding service. Private investigator Stephen Robinson developed phone numbers for Mr. Capito. ECF No. 10, *Decl. Robinson* ¶ 9. When Mr. Robinson made calls to these phone numbers, the 206 area code number went directly to a fast busy signal, and

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 6

the 425 area code number rung and then went to a loud, extended beep. *Id.* Standing alone, multiple attempts to Mr. Capito's phone numbers, which were operating with a continuous busy signal or ringing unanswered and then going to extended beeps, demonstrate an inference that Mr. Capito is concealing himself to avoid service.

More critically, subsequent to Mr. Robinson's calls to Mr. Capito's phone numbers, Plaintiffs' counsel also made calls to the phone numbers. *Decl. Hogue* ¶ 2. When he called the 206 area code number, he was met with the same situation as Mr. Robinson – a call that went directly to a busy signal. *Id.* ¶ 3. However, when he called the 425 area code number, he was met with a different situation from what Mr. Robinson experienced. *Id.* ¶ 4. During the attempt to the 425 area code number, it did not ring and go to a loud, extended beep like it did for Mr. Robinson. *Id.* Instead, the call to the 425 area code number went directly to a busy signal like with the 206 area code number. *Id.* This change in how the 425 area code phone number for Mr. Capito is operating is significant. *Id.* ¶ 5. Based upon this change, there is a good faith belief that Mr. Capito has blocked calls, diverted calls, shut off his phone, or discontinued service for this phone in an effort to conceal himself in the state and avoid service of process for this lawsuit. *Id.* ¶ 6. See *Hamlin v. Hamlin*, 192 Wn. App. 1075, No. 73507-1-I (2016) (defendant

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 7

found to be concealing himself to avoid service of process in a case with supporting declaration of an attorney that included statement that "[i]n light of the above, Plaintiff's counsel has a good faith belief that Defendant Hamlin is concealing herself in the State to avoid service of process.").[1]

The situation with Mr. Capito's phone is also analogous to one of the facts that supported a finding that the defendant concealed himself to avoid service in the matter of *Rutter v. Reeves*, 9 Wn. App. 2d 1074, No. 77851-0-I (2019).[2] In *Rutter*, the appellate court stated that one of the pieces of factual evidence to support the inference that the defendant was concealing himself to avoid service was that "Brian had disabled the doorbell making it difficult for people to contact him." *Id.* Here, Plaintiffs have provided factual evidence that demonstrates Mr. Capito has similarly disabled contact, or made it difficult, with blocked calls, diverted calls, shutting off the phone, or discontinuing service for the phone.

Fourth, Mr. Capito is using an address for his Washington driver's license, which also appears numerous times as his current address, that is not a valid address for him. ECF No. 10, Decl. Robinson ¶ 7(a). While standing alone, the use

---

[1] Cited pursuant to Washington's General Rule 14.1 as persuasive, non-binding authority.
[2] Cited pursuant to Washington's General Rule 14.1 as persuasive, non-binding authority.

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 8

of an invalid address for an official government identification may not create such an inference of Mr. Capito's intent to avoid service; however, this changes and creates such an inference when viewed in the totality of all of the facts at issue.

In addition to this, Mr. Capito also uses the address of a storage facility that is unsuitable for housing as a "current home address." ECF No. 10, *Decl. Robinson* ¶ 7(b); *Decl. Allen* ¶ 7; *Decl. McClellan* ¶ 5. When viewed in light of all the facts, this again supports a conclusion that Mr. Capito's present use of such storage facility as a "current home address" is an effort to conceal himself in the state and avoid service. These facts are "sometimes an indication of someone who does not want to be found." *Decl. McClellan* ¶ 5.

In this case, the articulated facts as listed above support a reasonable assumption or inference that Mr. Capito has been concealing himself in the state of Washington to avoid service of process. *Decl. Allen* ¶¶ 5-6, 8; *Decl. McClellan* ¶¶ 4, 6-7; *Decl. Hogue* ¶ 6.

**B.     Form and Manner of Summons for Service by Publication.**

RCW 4.28.110 provides the requirements for how to make a publication of a summons in Washington. Plaintiffs have proposed a Summons by Publication that complies with this requirement. *Decl. Hogue*, Ex. A. Plaintiffs request publication in the Seattle Times, an approved newspaper in the county where the cause of

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 9

action was brought.³ The Seattle Times is also the largest newspaper in Washington and is the best choice of a newspaper to provide notice to Mr. Capito and protect his rights. See *United States v. Kandi*, 2023 WL 2890386, at * (W.D. Wash. Apr. 11, 2023) (denying defendant's motion to dismiss for insufficient process and stating that "[i]n attempting to serve Defendant, his actual presence was unknown, and selection of service through the Seattle times – the largest newspaper in the State of Washington with a general readership through the Puget Sound area was reasonable – though apparently erroneous – choice.").

C.  **Extension of Time to Serve.**

In this case, good cause to extend the time for service exists. Plaintiffs have repeatedly and diligently attempted service, and Mr. Capito has concealed himself with the intent to avoid service. As such, Plaintiffs request an additional 75 days to complete the service by publication, which will allow for enough time to retain the services of the Seattle Times, publish the summons for a period of six weeks, and allow for the sixty-day time period for Mr. Capito to appear and answer the Complaint to expire.

---

³ Approved legal publications for King County, Washington may be found at https://kingcounty.gov/en/dept/dja/courts-jails-legal-system/court-services-resources/legal-publications

PLAINTIFFS' RENEWED MOTION FOR
ALTERNATIVE  SERVICE
 - Page 10

### III.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court grant Plaintiffs' Renewed Motion for Alternative Service.

DATED this 26th day of September 2024.

I certify this memorandum contains 2,039 words in compliance with LCR 7.

HOGUE LAW FIRM

/s/ *Christopher M. Hogue*
Christopher M. Hogue
WSBA #48041
Attorney for Plaintiffs

PLAINTIFFS' RENEWED MOTION FOR ALTERNATIVE  SERVICE
- Page 11

**CM/ECF CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused an electronic copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system which will then send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED this 26th day of September 2024.

        s/ *Christopher M. Hogue*
        Attorney for Plaintiffs