HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife.,

Plaintiffs,

v.

DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, an individual,

Defendant.

CASE NO. 3:23-cv-01113-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER is before the Court on Plaintiffs' Renewed Motion for Alternative Service and to Amend the Case Caption ("Plaintiffs' Motion"). Dkt. # 13. The Court has reviewed the motion, the materials filed in support of the motion, the balance of the record, and the governing law. For the reasons stated below, The Court **GRANTS** Plaintiffs' Motion. Dkt. # 13.

ORDER - 1

## II. BACKGROUND

Plaintiffs filed this action on July 25, 2023. Dkt. # 1. Plaintiffs "are members of, or have an affiliation with, an organization called Patriot Front." *Id*. at ¶ 2. As Plaintiffs characterize it, Patriot Front's mission "is to 'reforge . . . our people, born to this nation of our European race . . . as a new collective capable of asserting our right to cultural independence.'" *Id*. Plaintiffs claim Defendant, David Alan Capito, II, "infiltrated Patriot Front using a false identity and later gained unauthorized access to confidential information about the Plaintiffs from Patriot Front's computer databases[,]" which allegedly caused them "serious harm, including loss of their jobs." *Id*. at ¶ 4.

After unsuccessful attempts to serve Defendant, Plaintiffs asked this Court to permit service by publication. *See* Dkt. # 9. Plaintiffs requested an additional seventy-five days to complete the service by publication in order to retain the services of an appropriate newspaper and publish the summons for a period of six weeks. *See id*. at 11. The Court denied that motion finding some requirements were not met but permitted Plaintiffs to file a renewed motion for leave to serve Mr. Capito. Dkt. # 12. The Court reviews the renewed motion below.

## III. DISCUSSION

Alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits. Fed. R. Civ. P 4(e)(1).  Under Washington law, "[s]ubstitute service by mail or constructive service by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005); *see also* RCW 4.28.100 (authorizing service by publication under certain circumstances where the plaintiff, its agent, or its attorney submits an affidavit stating that he or she believes that the defendant "has departed [the state] with intent . . . to avoid the service of a summons, or keeps himself or herself concealed therein with like intent"); RCW 4.28.110 (setting forth the requirements for service by publication). "Statutes authorizing service by means other than personal service, *i.e.*, constructive and substitute service, require strict compliance." *Pascua*, 108 P.3d at 1257.  If leave of the Court is provided, the publication must be in a generally circulated newspaper in the county where the action is brought, published once a week for six consecutive weeks.  *See* RCW 4.28.110.

Like in the Court's initial order, the Court concludes that Plaintiffs established the first two requirements.  The Court is satisfied that Plaintiffs' process server and investigator conducted a diligent search to find the Defendant, including physically visiting and checking four possible addresses on multiple occasions.  *See* Dkt. # 10 ¶ 7. Plaintiffs have tried to locate Defendant at all of his known addresses, reach Defendant by telephone, and contact Defendant through individuals currently residing at his listed home addresses.  *See id*.  Plaintiffs have established that Defendant was a resident of

ORDER - 3

Washington as Defendant had a car formerly registered in Washington, used a Washington address for his driver's license, and had a lease in Washington that ended in 2017. *See id.* ¶¶ 5, 7.

The Court is now satisfied that Plaintiffs have met the state law requirements to show that Defendant is concealing himself with an intent to avoid service. Plaintiffs have filed affidavits of an attorney or agent stating the reasons supporting the conclusion that Mr. Capito is avoiding service. *See generally* Dkts. # 14–16. One declaration provides support that Mr. Capito intended to avoid service due to the substantial publicity of this case and information that former associates notified him of this action. Dkt. # 15 ¶¶ 4, 7. Additionally, based upon the information of the private investigator, the process of trying to call Mr. Capito demonstrated that he intended to conceal himself because of the "multiple attempts to Mr. Capito's phone numbers, which were operating with a continuous busy signal or ringing unanswered and then going to extended beeps[.]" Dkt. # 13 at 6–7; *see also* Dkt. # 10 ¶ 9. The Court is persuaded that there is a high likelihood of Defendant's knowledge of this action because of the publicity and the information of associates available on social media. This is further supported by Plaintiffs' private investigator's efforts and sound conclusions about Mr. Capito's intent under the circumstances. Therefore, the Court finds that Plaintiffs have demonstrated Defendant Capito concealed himself, at least in part, with the intent to avoid service.

Accordingly, the Court grants Plaintiffs' Motion. Dkt. # 13. Plaintiffs may serve Defendant Capito in the manner requested. *See id.* The Court will permit 75 days to complete the service by publication, which will allow for enough time to retain the services of the Seattle Times, publish the summons for a period of six weeks, and allow for the sixty-day time period for Defendant's appearance to expire.

## IV. CONCLUSION

For the above reasons, the Court GRANTS Plaintiffs' Motion. Dkt. # 13. Plaintiffs' must effectuate service by publication within 75 days of this Order.

Dated this 14th day of April, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge