HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, aka RYAN SMITH, an individual,<br><br>Defendant. | CASE NO. 3:23-cv-01113-RAJ<br><br>DEFENDANT'S SPECIAL MOTION FOR EXPEDITED RELIEF TO DISMISS PURSUANT TO RCW 4.105.010-.903 (UNIFORM PUBLIC EXPRESSION PROTECTION ACT)<br><br>NOTE ON MOTION CALENDAR: July 25, 2025<br><br>ORAL ARGUMENT REQUESTED |

COMES NOW Defendant to submit this special motion for expedited relief to dismiss Plaintiffs' complaint for failure to state a cause of action upon which relief can be granted, pursuant to RCW 4.105.010-.903, the Uniform Public Expression Protection Act.

**I.      INTRODUCTION**

This case involves claims brought by individual members of a white supremacist organization called Patriot Front over Defendant's alleged infiltration into that group and alleged leaking of member information to a publication. *See* Dkt 1, Complaint at 2-3; Center for

Extremism, *Patriot Front,* ADL (July 1, 2024),

https://www.adl.org/resources/backgrounder/patriot-front.[1]

As addressed *infra* in detail, three of Plaintiffs' claims fall under Washington's Uniform Public Expression Protection Act, RCW 4.105.010-.903, and are therefore susceptible to a special, expedited motion to dismiss under that statute.

The complaint asserts two Washington State common law tort causes of action: the invasion of privacy, and fraudulent misrepresentation. As addressed in the FRCP 12(b)(6) Motion to Dismiss filed today, the invasion of privacy claim fails for two reasons: the information alleged to have been exposed is a matter of substantial public interest, and the alleged invasion should not be highly offensive to any reasonable person in the plaintiffs' shoes. The fraudulent misrepresentation count also fails, because it does not meet the bar of specificity required by the Federal Rules of Civil Procedure. For purposes of this motion, Mr. Capito will not undertake to refute the allegations against him. However, if the complaint is not dismissed, Mr. Capito intends to vigorously dispute Plaintiffs' inaccurate and outlandish factual assertions.

**II.     PROCEDURAL BACKGROUND**

On or about June 2, 2025, Plaintiffs served Defendant the Complaint by publication in the *Seattle Times*. *See* Dkt. 18. On June 13, 2025, Defendant's counsel sent a notice to Plaintiffs' counsel pursuant to RCW 4.105.020, giving notice of intent to file this motion. Exhibit 1.

---

[1] All websites cited in this brief were last visited June 27, 2025.

## III. LEGAL STANDARD

Washington State's Uniform Public Expression Protection Act (UPEPA) creates a special procedure to quickly resolve cases which target the "[e]xercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern." RCW 4.105.010(2)(e). RCW 4.105.020(2) allows defendants to "file a special motion for expedited relief to dismiss the cause of action or part of the cause of action" after they have been served with any complaint which targets protected public expression. Upon filing the motion, all other proceedings -- including pending discovery and other motions -- are stayed. RCW 4.105.030(1)(a).

Under RCW 4.105.060(1), the court must dismiss the claims with prejudice if three conditions are met. First, the moving party must "establish[] under RCW 4.105.010(2) that this chapter applies." RCW 4.105.060(1)(a). Second, the responding party must "fail[] to establish under RCW 4.105.010(3) that this chapter does not apply." RCW 4.105.060(1)(b). The court must then dismiss if either: (1) "The responding party fails to establish a prima facie case as to each essential element of the cause of action"; or (2) "[t]he moving party establishes that: (A) The responding party failed to state a cause of action upon which relief can be granted; or (B) There is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the cause of action or part of the cause of action." RCW 4.105.060(1)(c).

The UPEPA does not apply to federal claims, or claims for fraud. However, Plaintiffs' other claims fall under the UPEPA, and therefore should be addressed on an expedited basis, without discovery or further motion practice, pursuant to the UPEPA:

Cause of Action 2 - Common-law tort - Invasion of Privacy – Intrusion on Private Affairs

Cause of Action 3 - Invasion of Privacy – Giving Publicity to Private Facts

Cause of Action 4 -- Virginia Computer Trespass Act, Civil Action, § 18.2-152.12 Virginia Code – plaintiff Paul Garcanz

Cause of Action 5 -- Maryland Unauthorized Access to Computers Act, Civil Action, § 7-302 of Maryland Code – plaintiff Daniel Turetchi

IV. **ARGUMENTS**

A. **Washington's UPEPA Applies in the Underlying Case Pursuant to RCW 4.105.010(2), Because Defendant Alleged Acts Were Undertaken As an Exercise of His Right to Freedom of Speech on a Matter of Public Concern**

RCW 4.105.010(2) provides that "[e]xcept as otherwise provided in subsection (3) of this section, this chapter applies to a cause of action asserted in a civil action against a person based on the person's . . . . (c) Exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern." RCW 4.105.010(2)(c). While the statute does not define these terms, it instructs that they "must be broadly construed and applied to protect the exercise of the right of freedom of speech and of the press, the right to assemble and petition, and the right of association, guaranteed by the United States Constitution or the Washington state Constitution." RCW 4.105.901.

Plaintiffs' claims for invasion of privacy and fraudulent misrepresentation are predicated on Defendant's alleged speech and associations. Critically, the alleged harm asserted arises from the *disclosure* of Plaintiffs' names and affiliations, which underscores that the alleged injury stems from expressive conduct. As this court has recognized, the right to privacy is not

1 | absolute and must be balanced against the legitimate public interest in the information at issue.

2 | *See Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1110 (W.D. Wash. 2010). This

3 | balancing framework is central to determining whether the Defendant's speech qualifies as

4 | protected expression under the First Amendment and/or the Washington Constitution.

If the court finds that Defendant's speech pertains to a matter of public concern and falls within the scope of protected expression, then RCW 4.105.010(2)(c) is triggered. Accordingly, Defendant is entitled to invoke the procedural protections of Washington's UPEPA, including the right to seek expedited dismissal under RCW 4.105.060.

**B.     Plaintiffs Fail to State a Claim under the Four UPEPA-Susceptible Claims**

As discussed in detail in the Motion to Dismiss for Failure to State a Claim Filed today, Plaintiffs' complaint fails to state a claim for the following claims:

Cause of Action 2 - Common-law tort - Invasion of Privacy – Intrusion on Private Affairs – *See* Motion to Dismiss at pages 9-13.

Cause of Action 3 - Invasion of Privacy – Giving Publicity to Private Facts -- *See* Motion to Dismiss at pages 9-13.

Cause of Action 4 -- Virginia Computer Trespass Act, Civil Action, § 18.2-152.12 Virginia Code – Plaintiff Paul Garcanz -- *See* Motion to Dismiss at pages 6-8.

Cause of Action 5 -- Maryland Unauthorized Access to Computers Act, Civil Action, § 7-302 of Maryland Code – Plaintiff Daniel Turetchi *See* Motion to Dismiss at pages 8-9.

**CONCLUSION**

Defendant has demonstrated that the above-referenced claims target Defendant's "exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern." Defendant has also demonstrated that Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

Therefore, the UPEPA applies, and Defendant respectfully urges the Court to grant expedited relief and dismiss Plaintiffs' complaint pursuant to RCW 4.105.060; and award court costs, reasonable attorneys' fees, and reasonable litigation expenses related to the motion pursuant to RCW 4.105.090(1).

Respectfully submitted June 27, 2025,

    /s/ Lauren Regan
Lauren Regan, Lead Counsel, *pro hac vice* pending
CIVIL LIBERTIES DEFENSE CENTER
OSB 970878
1711 Willamette St Ste 301 # 359
Eugene, OR 97401
541-687-9180
lregan@cldc.org

Matthew Kellegrew, local counsel
CIVIL LIBERTIES DEFENSE CENTER