HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PAUL GANCARZ, an individual;
DANIEL TURETCHI, an individual;
COLTON BROWN, an individual;
JAMES JOHNSON and AMELIA
JOHNSON, individually and husband
and wife,

  Plaintiffs,

  v.

DAVID ALAN CAPITO II, aka
VYACHESLAV ARKANGELSKIY,
aka RYAN SMITH, an individual,

  Defendant.

CASE NO. 2:23-cv-01113-RAJ

DEFENDANT'S MOTION TO DISMISS WASHINGTON STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS

NOTE ON MOTION CALENDAR:
September 2, 2025

ORAL ARGUMENT REQUESTED

COMES NOW Defendant to submit this motion pursuant to Fed. R. Civ. Proc. 12(b)(6) and RCW § 4.16.170, to dismiss Plaintiffs' Washington state law claims on statute of limitations grounds, for failure to serve their complaint on Defendant either before the expiration of the statute of limitations, or within 90 days after the complaint was filed.

I.   **Statement of Facts**

This case involves a dispute between alleged individual members of a white supremacist organization called Patriot Front, over the alleged infiltration by the Defendant into that group,

DEF'S MTD WASH STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS
 - 3:23-cv-01113-RAJ - Page 1

CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette St Ste 301 # 359
Eugene, OR 97401  (541) 687-9180

1 which plaintiffs allege led to leaking of member information to a publication. *See* Dkt 1,

2 Complaint at 2-3; *see, e.g.,* Southern Poverty Law Center,

3 https://www.splcenter.org/resources/extremist-files/patriot-front/[1]

4     Plaintiffs filed their complaint on July 25, 2023. Dkt 1, Complaint. The complaint

5 asserts, among other claims, Washington common law torts of invasion of privacy (intrusion on

6 public affairs and giving publicity to private facts), and fraudulent misrepresentation. Dkt 1,

7 Complaint at 14-16, 18-19.

8     The Complaint alleges that, in or around late July 2021, Capito joined Patriot Front

9 under a fraudulent name with the intent to infiltrate the organization and cause harm to its

10 members. *Id*. ¶ 20. Plaintiffs allege that in or around November 2021, Capito contacted a group

11 of hackers known as DDOS, who allegedly assisted him in exploiting Patriot Front's chat

12 platform to obtain access to private chatrooms. *Id*. ¶ 24. Plaintiffs further allege that Capito used

13 his access to execute a session hijack attack, granting him administrator-level privileges to the

14 Patriot Front server, and that he conducted a simultaneous denial-of-service attack against the

15 organization's website. *Id*. ¶ 25.

16     Plaintiffs allege that Patriot Front's security team discovered Capito's alleged actions in

17 mid-December 2021 and terminated his access. *Id*. ¶ 26.

18     Plaintiffs allege that Plaintiff James Johnson and his wife, Amelia, were among those

19 whose personal information was allegedly disclosed as part of a doxxing campaign by Capito

20 and others in December 2021. *Id*. ¶ 35. Plaintiffs further allege that Plaintiffs Paul Gancarz and

21

---

22 [1] All websites cited in this brief were last visited August 4, 2025.

23 DEF'S MTD WASH STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS
    - 3:23-cv-01113-RAJ - Page 2

24 CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette St Ste 301 # 359
Eugene, OR 97401  (541) 687-9180

1  Daniel Turetchi were among those whose personal information was allegedly disclosed as part
2  of a doxxing campaign by Capito and others in January 2022. *Id*. ¶¶ 32, 33.

3  Plaintiffs also allege that Plaintiff Colton Brown was among those whose personal
4  information was allegedly disclosed as part of a doxxing campaign by Capito and others and
5  was fraudulently misled by Mr. Capito, with no date specified in the complaint. *Id*. ¶¶ 34, 63-73.

6  Plaintiffs served defendant by publication in the *Seattle Times* between April 28, and
7  June 2, 2025. *See* Dkt 17, 18; Fed. R. Civ. P 4(e)(1); *Wash. Rev. Code* § 4.28.110.

8  **II.    LEGAL STANDARD**

9  For federal claims filed in federal court, the filing of the complaint commences the
10  action for purposes of the statute of limitations, regardless of when service is effected. *See* Fed.
11  R. Civ. P. 3; *Henderson v. United States*, 517 U.S. 654, 657 (1996).

12  In contrast, Washington law requires that a complaint be served within 90 days of filing
13  for the commencement date in order for the claims to "relate back" to the date of filing, for
14  statute of limitations purposes. *Wash. Rev. Code* § 4.16.170.

15  This Washington requirement is substantive for purposes of state claims, and applies
16  even when those claims are filed in federal court under supplemental or diversity jurisdiction.
17  *See Torre v. Brickey,* 278 F.3d 917, 919-20 (9th Cir. 2001) (applying similar Oregon statute in
18  federal court) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752, 100 S. Ct. 1978 (1980)
19  (absent a direct conflict between a federal rule and state law, state law applies in diversity
20  actions)).

21  In other words, "[i]f the plaintiff fails to serve process no later than 90 days after the
22  complaint is filed, and the time for commencing an action expires under Washington's statute of

23  DEF'S MTD WASH STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS
    - 3:23-cv-01113-RAJ - Page 3
24  
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette St Ste 301 # 359
Eugene, OR 97401  (541) 687-9180

limitations laws, the defendant may raise the affirmative defenses that service of process was insufficient and that the suit is time-barred." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

Thus, in *Broad v. Mannesmann Anlagenbau AG*, the court held that, under Washington law (applied in federal court):

> Once a person files a complaint, that person has 90 days to serve the defendant; where a plaintiff fails to meet this 90-day deadline, the action is deemed not commenced for purposes of tolling the statute of limitations. Wash. Rev. Code § 4.16.170. If the three year statute of limitations has expired, the action is barred. Wash. Rev. Code § 4.16.080.

196 F.3d 1075, 1078-79 (9th Cir. 1999).

In Washington the applicable statute of limitations for torts is three years. Wash. Rev. Code § 4.16.080(2), (4).

> "Under the discovery rule, a cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action." *Allen v. State,* 118 Wash. 2d 753, 757-58, 826 P.2d 200 (1992) (footnote omitted). "[T]he discovery rule will postpone the running of the statute of limitations only until the time when a plaintiff, through the exercise of due diligence, should have discovered the basis for a cause of action." *Id.* at 758.

*Mayer v. Huesner*, 126 Wash. App. 114, 123, 107 P.3d 152, 157 (2005).

### III. PLAINTIFFS FAILED TO SERVE DEFENDANT WITHIN 90 DAYS AS REQUIRED BY WASHINGTON LAW, THUS THE STATUTE OF LIMITATIONS ON PLAINTIFFS' WASHINGTON COMMON LAW CLAIMS HAS EXPIRED

Under the facts as alleged, the latest the statute of limitation could have begun is in January 2022, with some claims accruing a month earlier, when Plaintiffs allege they discovered Defendant's alleged tortious acts. Dkt 1 ¶¶ 26, 32, 33. Thus, the three-year statute of limitations terminated no later than January 2025. As noted above, the complaint was not served until April

2025, three months after the statute of limitations expired.

As noted above, under Washington law, an action is not deemed commenced for statute of limitations purposes unless the complaint is either served on the defendant within the statute of limitations; or within 90 days after filing the complaint (in which case the timing of the action "relates back" to the date of filing for statute of limitations purposes). Wash. Rev. Code § 4.16.170. This rule applies to Washington state-law claims even when they are brought in federal court. *See Torre,* 278 F.3d at 919-20 (holding that state service rules apply to state claims in federal court.

Here, Plaintiffs filed their Complaint on July 25, 2023. *See* Dkt. 1. They did not serve Defendant until April 28, 2025 -- more than 600 days after filing. *See* Dkt 17, 18; Fed. R. Civ. P 4(e)(1); *Wash. Rev. Code* § 4.28.110. This clearly far exceeds the 90-day service requirement under RCW § 4.16.170.

Because Plaintiffs failed to timely serve Defendant either within the statute of limitations, or within 90 days of filing the complaint, all three of their Washington claims – two for common law invasion of privacy, and one for fraudulent representation -- are all time barred. *Whidbee,* 857 F.3d at 1023 (9th Cir. 2017); *Broad*, 196 F.3d at 1078-79.

**IV.   CONCLUSION**

Defendant Capito respectfully requests that the Court dismiss Claims II, III, and VI of Plaintiffs' complaint for failure to commence the suit within the statute of limitations.

Respectfully submitted August 4, 2025,

     /s/ Lauren Regan
Lauren Regan, Lead Counsel, *pro hac vice* pending

DEF'S MTD WASH STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS
- 3:23-cv-01113-RAJ - Page 5

CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette St Ste 301 # 359
Eugene, OR 97401  (541) 687-9180

CIVIL LIBERTIES DEFENSE CENTER
OSB 970878
1711 Willamette St Ste 301 # 359
Eugene, OR 97401
541-687-9180
lregan@cldc.org

Matthew Kellegrew, local counsel
CIVIL LIBERTIES DEFENSE CENTER