CHRISTOPHER M. HOGUE, WSBA #48041
Hogue Law Firm
905 W. Riverside Ave., Ste. 402
Spokane WA 99201
Tel: (509) 934-1998
Email: chris@spokaneadvocate.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PAUL GANCARZ, an individual; DANIEL TURETCHI, an individual; COLTON BROWN, an individual; JAMES JOHNSON and AMELIA JOHNSON, individually and husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID ALAN CAPITO II, aka VYACHESLAV ARKANGELSKIY, aka RYAN SMITH, an individual,<br><br>Defendant. | Case No. 2:23-cv-1113-RAJ<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND RULE 12(b) MOTION TO DISMISS**<br><br>Hearing Date: September 2, 2025<br><br>No Oral Argument Requested |

Plaintiffs Paul Gancarz, Daniel Turetchi, Colton Brown, James Johnson, and Amelia Johnson (together "Plaintiffs"), submit this memorandum in opposition to Defendant's Second Motion to Dismiss under FRCP 12(b), filed on August 4, 2025.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
 - Page 1

## I.   INTRODUCTION

Defendant Mr. Capito's second FRCP 12(b) motion, to which this Opposition responds, is procedurally improper. Defendant's motion is a flagrant violation of FRCP 12(g), which prohibits multiple FRCP 12(b) motions. If the Court were to nonetheless address the statute of limitation argument Defendant's Motion presents, that argument is meritless, as it disregards the applicable Washington tolling provision, RCW 4.16.180, which applies when a defendant evades service of process.

## II.   PROCEDURAL POSTURE

Plaintiffs filed their Complaint in this case on July 25, 2023. ECF No. 1. Defendant Capito then evaded service for over 20 months. Accordingly, on April 14, 2025, the Court granted Plaintiffs' motion for alternative service by publication, wherein the Court was "satisfied that Plaintiffs have met the state law requirements to show that Defendant is concealing himself with an intent to avoid service" and found that "Plaintiffs have demonstrated that Defendant Capito concealed himself, at least in part, with the intent to avoid service." ECF No. 17. The Court then granted Plaintiffs a period of 75 days to effectuate service by publication. *Id.* In compliance with the Court's April 14, 2025, order and consistent with Washington law, Plaintiffs effectuated service by publication, completing it on June 2, 2025. ECF No. 18.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
- Page 2

After Plaintiffs were forced to endure lengthy delay and go through the expense of service by publication, Mr. Capito, through counsel, immediately made his appearance in this case after publication was completed. On June 13, 2025, just eleven days after service by publication was completed, Mr. Capito's counsel informally appeared through a letter to Plaintiffs' counsel, which gave notice of Mr. Capito's intent to seek dismissal pursuant to Washington's Uniform Public Expression Protection Act ("UPEPA"), RCW 4.105, *et seq*. *Decl. Hogue*, Ex. A. Mr. Capito then filed a formal Notice of Appearance on June 27, 2025, along with two motions to dismiss – one under UPEPA and one under FRCP 12(b)(6). ECF Nos. 19, 21-22. Plaintiffs responded to those motions on July 18, 2025. ECF Nos. 24-25. These motions have been fully briefed and are pending before the Court.

Now, Mr. Capito seeks yet another basis for dismissal, filing a third motion to dismiss (which is a second FRCP 12(b) motion) on August 4, 2025. This latest motion is procedurally improper, entirely frivolous, and should be denied in whole.

### III.   FACTUAL ALLEGATIONS OF PLAINTIFFS' COMPLAINT

Plaintiffs summarized the allegations in their complaint in their response to Defendant Capito's initial motions to dismiss. ECF No. 24 at pp. 2-7; ECF No. 25 at pp. 2-6.  To avoid needless duplication, they incorporate that summary here by reference. In synopsis form, Plaintiffs have alleged with particularity that Mr. Capito

infiltrated their organization, whose ideology he hated, by means of fraud and deceit through the calculated and sustained use of a false identity; that he then gained unauthorized access to confidential personal information about Plaintiffs from the group's computer databases; and that he then transmitted that confidential personal information to an ideological enemy of Patriot Front, which published it with the aim and successful result of doxxing Plaintiffs and causing serious harms.

### IV.  LEGAL ARGUMENT

#### A. Defendant Capito's Second Motion to Dismiss Should Be Struck for Violating FRCP 12(g).

FRCP 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." A party waives any Rule 12(b)(2) – (5) defenses by omitting them from the first motion to dismiss. FRCP 12(h)(1)(A). "The philosophy underlying [Rule 12(g)] is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics." *Aetna Life Ins Co v Alla Medical Services, Inc*, 855 F.2d 1470, 1475, n.2 (9th Cir 1988).

Here, Defendant Capito does not dispute that a lawsuit was commenced on July 25, 2023, when the Complaint was filed in federal court. ECF No. 28 at p. 3:9-

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
- Page 4

11. Rather, he argues that the service of process was insufficient and, as a result of the insufficient service of process, the Plaintiffs' suit became time barred. *Id.* at p. 3:21 – 4:3. Essentially, the focus of Mr. Capito's argument is insufficient service of process.

As outlined above, FRCP 12(b)(5) insufficient service of process defense is waived if it is omitted from the first Rule 12 motion to dismiss. Mr. Capito had an opportunity, however frivolous it may have been, to argue insufficient service of process in his first Rule 12 motion to dismiss. He elected, however, to not include this defense and has thus waived it. This Court should strike or deny Mr. Capito's second Rule 12 motion to dismiss on this basis.

### B.     FRCP 12(b)(6) Standard.

A complaint survives a FRCP 12(b) motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*, 556 U.S. at 678.  Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in

the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

A claim is subject to dismissal under FRCP 12(b) on the ground that the statute of limitations has expired "when 'the running of the statute is apparent on the face of the complaint'" and "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of [**6] the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citations omitted).

### C. Defendant Capito's Argument That Plaintiffs' Claims Are Time-Barred Is Meritless.

The core assertion in Defendant Capito's argument that Plaintiffs' claims are time-barred is that if Mr. Capito could evade service for 90 days after the filing of the Complaint he could then escape having to answer for the fraud and injuries he inflicted on Plaintiffs. No rational statute-of-limitations jurisprudence would approve such a result, and Washington's certainly does not.

RCW 4.16.180, unmentioned in Mr. Capito's motion, provides as follows:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
- Page 6

>   state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

The Washington Court of Appeals interpreted and applied this statute in *Caouette v. Martinez*, 71 Wash. App. 69, 856 P.2d 735 (1993). The court held that the limitations period applicable to the plaintiff's claims was tolled during the period the defendant concealed himself. *Id.* at 73-76. It observed that any other conclusion would improperly reward a defendant for successful concealment. *Id*. at 75.

Plaintiffs were diligent and went through great lengths to attempt to serve Mr. Capito. ECF Nos. 9-11, 13-16. Such efforts proved futile due to Mr. Capito concealing himself and evading service of process. This Court, in its April 4, 2025, Order approving service by publication, recognized as much, holding:

>   The Court is now satisfied that Plaintiffs have met the state law requirements to show that Defendant is concealing himself with an intent to avoid service. Plaintiffs have filed affidavits of an attorney or agent stating the reasons supporting the conclusion that Mr. Capito is avoiding service. . . . The Court is persuaded that there is a high likelihood of Defendant's knowledge of this action because of the publicity and the information of associates available on social media. This is further supported by Plaintiffs' private investigator's efforts and sound conclusions about Mr. Capito's intent under the circumstances. Therefore, the Court finds that Plaintiffs have demonstrated Defendant Capito concealed himself, at least in part, with the intent to avoid service.
>
>   ECF No. 17.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
- Page 7

The tolling provisions of RCW 4.16.180 are clearly applicable, and defeat Mr. Capito's argument that Plaintiffs' claims are time-barred. This Court properly maintained jurisdiction over this matter while Plaintiffs were diligently attempting service, Plaintiffs timely filed motions to serve by publication, and Plaintiffs finally complied with the Court's order on service by publication. Plaintiffs' Complaint cannot be dismissed due to Mr. Capito's willful efforts to conceal himself and evade service.

To the extent needed, Washington also "allows equitable tolling when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206, 955 P.2d 791 (1998). Evidence of bad faith, deception, or false assurances by one party and the exercise of diligence by the other party permits equitable tolling. *Id.* Even so, equitable tolling is appropriate only "when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Id.* The party asserting equitable tolling bears the burden of proof. *Benyaminov v. City of Bellevue*, 144 Wash. App. 755, 767, 183 P.3d 1127 (2008).

While RCW 4.16.180 clearly bars Mr. Capito's argument that he should be rewarded with a dismissal of Plaintiffs' lawsuit for evading service, equitable tolling would also operate to bar these same arguments. It would be inequitable to allow Mr. Capito's procedural gamesmanship and clear evasion of service of process to

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
- Page 8

prevent Plaintiffs from seeking justice. Since forcing Plaintiffs through all of the procedural hoops to serve by publication, Mr. Capito retained counsel and is set to defend himself in this lawsuit. The case should proceed forward on the merits for Plaintiffs' causes of action.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Defendant's second Rule 12(b) motion be denied.

I certify this memorandum contains 1,749 words in compliance with LCR 7(e)(3) for a response to a motion to dismiss.

DATED this 25th day of August 2025.

HOGUE LAW FIRM

/s/ *Christopher M. Hogue*
Christopher M. Hogue
WSBA #48041
Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND RULE 12(b) MOTION TO DISMISS
 - Page 9

**CM/ECF CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused an electronic copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system which will then send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED this 25th day of August 2025.

                                             s/ *Christopher M. Hogue*
                                             Attorney for Plaintiffs