HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PAUL GANCARZ, an individual; ) CASE NO. 2:23-cv-01113-RAJ
DANIEL TURETCHI, an individual; )
COLTON BROWN, an individual; ) DEFENDANT'S REPLY IN SUPPORT
JAMES JOHNSON and AMELIA ) OF MOTION TO DISMISS
JOHNSON, individually and husband ) WASHINGTON STATE LAW CLAIMS
and wife, )
              Plaintiffs, )
     v. )
DAVID ALAN CAPITO II, aka )
VYACHESLAV ARKANGELSKIY, )
aka RYAN SMITH, an individual, )
              Defendant. )

Defendant submits this reply in support of his motion to dismiss Plaintiffs' Washington state law claims, on statute of limitations grounds.

**I.   IT IS NOT IMPROPER TO FILE A MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS, SEPARATELY FROM A DIFFERENT TYPE OF MOTION TO DISMISS**

Plaintiffs cite Fed. R. Civ. Proc. 12(g)(2) for the proposition that a defendant is limited to a single motion to dismiss. But Plaintiffs neglect to note the exceptions set forth in that rule, one of which is a motion to dismiss for failure to state a claim upon which relief can be granted,

which can be brought at any time, even at trial. Fed. R. Civ. Proc. 12(h)(2).[1]

A motion to dismiss on statute of limitations grounds is a motion to dismiss for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007) (if "relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1019 (9th Cir. 1988) (same).

Thus, a motion dismiss on statute of limitations ground can be filed separately from a 12(b)(6) motion, all the way to trial. This certainly makes sense, since statute of limitations is a threshold issue for invoking the court's jurisdiction.

Plaintiffs' procedural argument is baseless.

## II. PLAINTIFFS CANNOT MEET THEIR BURDEN TO SHOW THAT DEFENDANT WILLFULLY CONCEALED HIMSELF DURING THE RELEVANT TIME PERIOD

RCW 4.16.180 tolls the statute of limitations when a cause of action accrues against a person who is a resident who is "concealed" within the state, with tolling lasting until return or the end of concealment.

Washington courts have described "concealment" for purposes of this statute as a "clandestine or secret removal from a known address," and have held that *willful* evasion of process is a necessary ingredient. *Caouette v. Martinez*, 71 Wn. App. 69, 74, 856 P.2d 725, 729 (1993) (quoting *Patrick v. DeYoung*, 45 Wn. App. 103, 109, 724 P.2d 1064 (1986)); *Bethel v. Sturmer*, 3 Wn. App. 862, 867, 479 P.2d 131, 135 (1970) (citing *N. Com. Co. v. Big Four*

---

[1] If the Court deems that Defendant should have captioned this motion as a motion on the pleadings, under FRCP 12(c), Defendant requests that the Court treat the motion as having been so filed, in the interests of judicial efficiency, to avoid having to burden the Court and parties with another round of motions practice. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1286 (4th ed. 2024) ("A pleading will be judged by the quality of its substance rather than according to its form or label[.]").

*Trading Co.*, 86 Wash. 589, 150 P. 1151 (1915)); *Brown v. Prowest Transp.*, 76 Wn. App. 412, 420-21, 886 P.2d 223, 228 (1994) (noting "willful evasion of process appears to be a necessary ingredient," citing *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 38, 360 P.2d 744 (1961)).

In *Rodriguez v. James-Jackson*, the Washington Court of Appeals affirmed dismissal where the plaintiffs failed to demonstrate concealment sufficient to toll the statute under RCW 4.16.180. 127 Wn. App. 139, 144-47, 111 P.3d 271, 274-76 (2005). The plaintiffs relied on two affidavits to establish concealment, but the court found them conclusory. *Id.* at 144-45. The first affidavit stated that there were several attempts to serve the defendant, that the address provided at the accident scene was either incomplete or inaccurate, that the phone number had been disconnected, and that local directory and Internet searches in Washington and Alaska were unsuccessful. *Id.* at 145. A second affidavit added that an individual at the given address stated that the defendant had moved out of state. Id.

The trial court concluded that plaintiffs had "failed, for whatever reason, to conduct an honest and reasonable effort to locate the defendant." *Id.* at 145. The court further found that plaintiffs did not attempt available avenues of inquiry, such as contacting the post office for forwarding information, contacting the defendant's former employer, or pursuing leads through the insurance agent and company listed at the accident. *Id.* at 145-46.

The Court of Appeals held that the affidavits were deficient because they did not set forth facts showing reasonable efforts to find the defendant and failed to establish any direct or circumstantial evidence of intent to conceal. *Id.* at 145-46. The record showed that the defendant moved to Texas because her husband accepted employment there, not to evade service. *Id.* at 146. Because concealment under RCW 4.16.180 requires a "clandestine or secret removal from a known address," *coupled with willful evasion*, the plaintiffs failed to meet their burden. *Id.* at

147.

As Defendant attests in his declaration, filed herewith, he in no way *willfully* concealed himself or evaded service. As he notes:

1. He has not lived at 502 S "L" St, Tacoma, Washington, since 2019. Therefore, Plaintiffs' assertions that they attempted to serve him there are irrelevant to this matter. Dkt 10 at 2.

2. The residence at that location was sold to a hospital in August 2022, and the structure was demolished by at least July 2023 (two years before this lawsuit was filed). *See* Shea Johnson, "White Nationalists Sued a Man with Lake Stevens Ties. They Can't Find Him"; HeraldNet (Oct. 3, 2024), https://www.heraldnet.com/news/white-nationalists-sued-a-man-with-lake-stevens-ties-they-cant-find-him/ (last visited September 2, 2025).

3. Neither of the phone numbers listed in the declarations of the private investigators were current for Defendant at the time of their alleged investigations. Dkt 10 at 2; Dkt 14 at 2.

4. Defendant does not recall ever using the phone number (425) 689-4095 (mentioned in Plaintiffs' Dkt 14 at 2) and he has no record of that phone number. If he ever used that number, it would have been a temporary or prepaid number, not used by him since before 2020. He has not had control of that number since then, if ever.

5. 625 Queen Anne Avenue N., Apt. 208, Seattle, Washington, has not been on his driver's license since approximately 2017, when he moved from that location. This directly conflicts with the investigator's declaration. Dkt 10 at 2.

6. The current address on Defendant's driver's license is 8911 Vernon Road, Lake Stevens, Washington. This has been his driver's license address since before the events alleged

1   in the complaint. This is not a storage unit, conflicting directly with the investigator's

2   declaration. Dkt 10 at 2.

3       7.    Defendant has never driven or owned a bronze Mazda, a vehicle referenced in

4   the investigator's declaration. Dkt 10 at 1.

5       8.    Defendant has not coordinated with anyone to create or post tweets about this

6   case.

7       9.    Defendant has not taken any actions to intentionally avoid service in this matter.

8       Plaintiffs have the burden of proving that Defendant willfully concealed himself during

9   the relevant period of time. *Rodriguez*, 127 Wn. App. at 147.

10  At best, Plaintiffs and their investigators demonstrated a lack of diligence. At worst, the

11  declarations regarding service are replete with falsehoods. Either way, Plaintiffs have not

12  demonstrated "an honest and reasonable effort to locate the defendant," and cannot be excused

13  from their burden of demonstrating *willful* concealment by Defendant. *Id.* at 145.

14  Plaintiffs failed to serve Defendant within the period relevant to the Washington state

15  law claims, and those claims must be dismissed on statute of limitations grounds.

16  Respectfully submitted September 2, 2025,

17          /s/ Lauren Regan
    Lauren Regan, PHV, Lead Counsel
18  CIVIL LIBERTIES DEFENSE CENTER
    OSB 970878
19  1711 Willamette St Ste 301 # 359
    Eugene, OR  97401
20  541-687-9180
    lregan@cldc.org